UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID LAMB,

    Plaintiff,

Case No. 1:08-cv-648

v

HON. JANET T. NEFF

ROBERT PREVO, et al.,

    Defendants.
_____/

## OPINION

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendants filed a motion for summary judgment, arguing that Plaintiff failed to state a claim on which relief can be granted, the claim is barred by immunity, and there is no genuine issue as to any material fact entitling Defendants to a judgment as a matter of law. Plaintiff also filed a motion for summary judgment. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation, recommending that this Court grant Defendants' motion, deny Plaintiff's motion, and enter judgment for Defendants as a matter of law. The matter is presently before the Court on Plaintiff's numerous objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, approves and adopts the Report and Recommendation as the opinion of this Court as noted, and enters Judgment pursuant to FED. R. CIV. P. 58.

First, Plaintiff claims that the Magistrate Judge erred in finding that Defendant Prevo did not have knowledge of the alleged "seizure."[1] Plaintiff suggests that he should be allowed to re-submit "affidavits" previously not "signed under penalty of perjury" to conform to 28 U.S.C. § 1746, which allows "unsworn declarations" made "under penalty of perjury" to substitute for a properly executed affidavit. Plaintiff argues that this evidence *could* establish a genuine factual dispute as to whether Defendant Prevo knew of Plaintiff's alleged serious medical condition (Obj. at 2-3; Rep. & Rec. at 6-7).

The Sixth Circuit has joined the majority of circuits in holding that a prisoner pro se litigant is entitled to notice of the consequences of a summary judgment motion and the requirements of the summary judgment rule. *United States v. Ninety-Three Firearms,* 330 F.3d 414, 427-28 (6th Cir. 2003) (internal citations omitted). The rules for prisoners must be relaxed since they often have little choice in proceeding on their own behalf. *Id.* at 428 (internal citation omitted).

Even if this Court were to accept Plaintiff's re-submitted "affidavits," this Court agrees with the Magistrate Judge's ultimate conclusion that Plaintiff has failed to establish the existence of a genuine factual dispute as to Defendant's knowledge of Plaintiff's alleged serious medical condition.

In this Eighth Amendment claim, Plaintiff must satisfy both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, Plaintiff must show that the pain was "sufficiently serious." *Talal v. White,* 403 F.3d 423 , 426 (6th Cir. 2005). To satisfy the subjective component, Plaintiff must show that the prison official had "a sufficiently culpable state of mind." *Farmer,* 511 U.S. at 834. A "sufficiently culpable state of

---

[1] Plaintiff states a number of specific objections regarding factual determinations in the Report and Recommendation. The Court has considered the objections within Plaintiff's primary Eighth Amendment claims.

mind" is one in which "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

In Plaintiff's re-submitted "affidavit," Plaintiff states that he informed Defendant Prevo that he "thought that he had a seizure" (Dkt. 44-3). Plaintiff's statement over the telephone, "I thought that I had a seizure," is not enough to establish sufficient facts from which an inference could be drawn that a substantial risk of serious harm existed. Even if an inference could be drawn from Plaintiff's statement, Plaintiff offers no evidence that Defendant Prevo drew that inference. Further, Defendant Prevo did not disregard the situation, Defendant requested that Plaintiff fill out a health care request form. Treatment was subsequently provided (Dkt. 26, Exhs. B1, M-N). Because Plaintiff has failed to establish a genuine issue as to any material fact on the subjective element, Plaintiff's claim fails as a matter of law. Plaintiff's objections are denied.

Next, Plaintiff claims that his argument regarding Defendant Saladin is not that Defendant Saladin failed to act, rather, Defendant Saladin refused to take an official statement from Officer Harris in an attempted "cover up" (Obj. at 5). Plaintiff maintains that this "conspiracy" denied him further medical attention (Obj. at 6). Plaintiff's objections are denied for the same reasons stated by the Magistrate Judge in the Report and Recommendation (Rep. & Rec. at 11-12).

Subsequent to his Objections, plaintiff filed a motion for injunctive relief (Dkt. 45) and a motion to supplement the record (Dkt. 48). The Court has considered Plaintiff's motions and finds that they would not change the outcome of this case. Plaintiff's motions are therefore denied as moot as to the substantive claims in this action.

For these reasons and because this action was filed *in forma pauperis*, this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Opinion would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997).

A Judgment will be entered consistent with this Opinion.


Dated: July 30, 2009          /s/ Janet T. Neff
                              JANET T. NEFF
                              United States District Judge

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DAVID LAMB,

    Plaintiff,                                        Case No. 1:08-cv-648

v                                                    HON. JANET T. NEFF

ROBERT PREVO, et al.,

    Defendants.
_____/


## **JUDGMENT**

In accordance with the Opinion entered this date:

**IT IS HEREBY ORDERED** that the Objections (Dkt. 42) are DENIED and the Report and Recommendation (Dkt. 41) is APPROVED and ADOPTED as the opinion of the Court as noted.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt. 15) is GRANTED and Plaintiff's Motion for Summary Judgment (Dkt. 26) is DENIED.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the Judgment would not be taken in good faith.


Date: July 30, 2009                                               /s/ Janet T. Neff
                                                                        JANET T. NEFF
                                                                        United States District Judge